# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| TAN Investments, Inc., | Case No._____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| American Family Mutual Insurance Company, | |
| Defendant. | |

Plaintiff TAN Investments, Inc., by and through its attorneys, Chestnut Cambronne PA, brings this Complaint and the following causes of action against Defendant, alleging upon information and belief as follows:

## PARTIES

1. At all material times, Plaintiff TAN Investments, Inc. was and is a corporation organized under Minnesota law, with its principal office located in Brainerd, Minnesota.

2. At all material times, Defendant American Family Mutual Insurance Company (hereinafter "Defendant") was and is a Wisconsin corporation with its principal office located at 6000 American Parkway, Madison, Wisconsin 53783.

## JURISDICTION AND VENUE

3.  Subject matter-jurisdiction is predicated upon 28 U.S.C. § 1332. Diversity of citizenship exists because Plaintiff is a Minnesota corporation based in the State of Minnesota, and the Defendant insurance company is based in the City of Madison, State of Wisconsin. The amount of controversy is in excess of $75,000.

4.  Venue is predicated upon 28 U.S.C. § 1391 in the United States District Court for the District of Minnesota because a substantial part of the events giving rise to this action occurred in this judicial district and the property that is the subject of this case is located in the same district.

5.  There is an actual controversy within the meaning of 28 U.S.C. § 2201 between the parties as to whether or not Plaintiff is entitled to the coverage and proceeds from coverage in the Policy issued by Defendant.

## FACTUAL ALLEGATIONS

6.  Plaintiff realleges and incorporates by reference each and every allegation of the preceding paragraphs of this Complaint as if fully set forth herein.

7.  On February 24, 2017, TAN Investments, Inc. executed a Contract for Deed under which Meta D. Mandich (hereinafter "Mandich"), an individual,

agreed to purchase the property located at 502 North 7th Street, Brainerd, MN 56401 (hereinafter the "Property"). *See* **Exhibit A** attached hereto and made a part hereof by reference. After execution of the Contract for Deed, Mandich took possession of the property.

8. On March 13, 2017, Defendant issued a comprehensive policy of homeowner's insurance coverage insuring the Property, the dwelling, and the contents, Policy No. 22K707401 (hereinafter the "Policy"). A true and correct copy of said insurance Policy is attached hereto as **Exhibit B** and made a part hereof by reference. The Policy specifically insured the Property for fire loss, and named as loss payees and mortgagees, Plaintiff TAN Investments, Inc. and the first mortgage holder, Randall State Bank, in the City of Brainerd, County of Crow Wing, State of Minnesota.

9. At all times material hereto, Defendant insured the Property under the terms and conditions of said Policy, although the coverage amount has increased on an annual basis to reflect the increased value of the home and the increased costs of repair over time. At all times material hereto, Plaintiff and Randall State Bank were named as loss payees and mortgagees on the insurance Policy.

10. In March of 2022, Mandich defaulted under the terms and conditions of the Contract for Deed by failing to make the required payments. As a result, Plaintiff served a Notice of Cancellation of Contract for Deed which was prepared and served in compliance with Minnesota state law, and by which terms Mandich was required to reinstate the Contract for Deed on or before October 24, 2022.

11. Mandich failed to reinstate the Contract for Deed, and commencing on October 24, 2022, Mandich's interest in the property was terminated, and all of her right, title, estate, and interest was transferred back to Plaintiff. The Notice of Cancellation of Contract for Deed was duly filed pursuant to state law, and is attached hereto as **Exhibit C** and made a part hereof by reference.

12. At all times material hereto following October 24, 2022, Plaintiff was the sole fee owner of the Property, subject only to the mortgage lien of Randall State Bank.

13. On October 27, 2022, a severe fire occurred at the Property, a result of a dryer fire, doing significant damage to the property.

14. The fire was a covered loss under the terms of the Policy, which provides, in part, as follows:

   a. Coverage – dwelling has a policy limit of $535,747.68.

 b. Conditions – Section I (8) provides: "Loss Payable Clause. Loss will be adjusted only with the insured named and payable to the insured and the lienholder shown in the Declarations as their respective interests may appear, subject to all the terms of this policy."

 c. Conditions – Section I (9) provides: "Loss Payment. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss is payable within 5 working days: (a) from the receipt of the agreement by us or, if later, from the date of your performance of any conditions set by such agreement; or (b) after there is an entry of a final judgment; or (c) after there is a filing of an appraisal award with us."

 d. Conditions – Section I (12) provides: "Minnesota Mortgage Clause. The word 'mortgagee' includes trustee. If a mortgagee is named in the policy, loss payable on buildings will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages."

15. As a result of the fire, the cost of repair to the Property has been estimated at $1,059,465; and the fair market value of the Property at the time of the loss is estimated to be in excess of $600,000.

16. As a result of the foregoing, Defendant is indebted to Plaintiff in the amount of $535,747.68, the full policy limits applicable at the time of the loss.

17. Despite repeated demand for payment, Defendant has failed and refused to pay the amounts due and payable under the terms of the Policy, has

failed to adjust the loss in a timely manner, has failed to tender payment as required pursuant to state law and the terms and conditions of the Policy.

18.     In accordance with Minnesota law, *see* Minn. Stat. §§ 65A.01, subd. 3 & 65A.08, subd. 2(a), the Policy contains the following provision:

> **Special Minnesota Valuation Clause.** When this policy is written to insure a dwelling in Minnesota, we agree that, in the event of a total loss, the limit for Coverage A – Dwelling represents the total value of the dwelling on the insured premises including structures attached to the dwelling.

19.     A "total loss" from a fire occurs under Minnesota law when a building "has been so far destroyed by the fire that no substantial part or portion of it above ground remains in place capable of being safely utilized in restoring the building to the condition in which it was before the fire." *Auto-Owners Ins. Co. v. Second Chance Investments, LLC*, 827 N.W.2d 766, 770 (Minn. 2013) (quotation omitted).

20.     Defendant is further responsible for providing coverage for debris removal and winterization but has failed to provide such coverage.

21.     Inexplicably, on February 7, 2023, Defendant informed Plaintiff of its intention to pay Mandich, the previously named insured who no longer has any interest in the Property, the balance of the proceeds under the terms and conditions of the Policy, less the outstanding mortgage.

22. Defendant has wrongfully refused and failed to pay the amounts due under the terms and conditions of the Policy of insurance, and Defendant has wrongfully indicated an intention to pay any unrelated party to the Property, all of which will damage and irreparably harm Plaintiff herein.

23. Because Mandich no longer has any claim of right in the interests of the Property nor the Policy, Plaintiff is entitled to full payment from Defendant of all proceeds issued under the Policy.

24. TAN Investments, Inc. will be irreparably harmed if Defendant remits payment to Mandich of the remaining balance owed up to the Policy limit.

## COUNT I
## BREACH OF CONTRACT

25. Plaintiff realleges and incorporates by reference each and every allegation of the preceding paragraphs of this Complaint as if fully set forth herein.

26. An enforceable insurance contract exists between Plaintiff, the insured mortgagee, and Defendant, the insurer.

27. The Property is covered under the Policy.

28. The Property sustained significant damage due to a fire that occurred on October 27, 2022, during the Policy period.

29. In turn, the home located on the Property was destroyed and requires substantial restoration and reconstruction, resulting in a total loss under the terms of the Policy.

30. As a result, Plaintiff has suffered losses, damages, and expenses that are covered by the Policy.

31. Defendant has breached the terms of the Policy with Plaintiff by refusing to pay the full amount of costs and expenses owed under the Policy as a result of the damage caused by the fire.

32. As a direct result of Defendant's breach of the insurance contract, Plaintiff has suffered damages exceeding $75,000, an amount that will be proven at trial.

## COUNT II
## FEDERAL DECLARATORY JUDGMENT ACT

33. Plaintiff realleges and incorporates by reference each and every allegation of the preceding paragraphs of this Complaint as if fully set forth herein.

34. An actual controversy exists between Plaintiff and Defendant regarding the rights and obligations of the parties under the Policy. Resolution of the parties' controversy turns on an interpretation of the Policy and the predicating Plaintiff's claim under the Policy.

35. Pursuant to Title 28, U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief as may be necessary.

36. Plaintiff is entitled to an Order of this Court declaring that: (a) the damages suffered by Plaintiff are covered under the Policy; (b) the full amount of insurance is payable to Plaintiff as mortgagee; (c) no amount of insurance is payable to Mandich who no longer retains any rights or interest in the Policy; and (d) Plaintiff is entitled to its costs and disbursements, attorney fees, and any other relief the Court deems just and equitable.

## JURY DEMAND

37. Plaintiff hereby demands a jury trial for all counts and claims so triable in the above matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant relief as follows:

1. Award a judgment in favor of Plaintiff and against Defendant, for all of Plaintiff's damages sustained herein, in an amount to be determined at trial, plus statutory interest on all accrued claims.

2. For an order of this Court awarding the Plaintiff's costs, disbursements, and reasonable attorneys' fees.

3. For such other and further relief as the Court deems just and equitable.

Dated:  February 15, 2023         **CHESTNUT CAMBRONNE PA**

By: <u>Francis J. Rondoni</u>
    Francis J. Rondoni (#121903)
    Andrew C. Case (#0401183)
    100 Washington Ave, Suite #1700
    Minneapolis, MN 55401
    Telephone: (612) 339-7300
    frondoni@chestnutcambronne.com
    acase@chestnutcambronne.com

**ATTORNEYS FOR PLAINTIFF**

## VERIFICATION

STATE OF MINNESOTA      )
                        ) SS.
COUNTY OF __CASS__      )

Tina Anderson, Chief Executive Officer of TAN Investments, Inc., being first duly sworn upon oath, deposes and says that TAN Investments, Inc. is the Plaintiff in the foregoing proceeding, that she has read the foregoing Complaint and knows the contents thereof; that the same is true of her own knowledge, except those matters therein stated upon information and belief, and as to such matters she believes them to be true.

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. § 358.116.

Dated: February ____, 2023                 2/15/2023

                                           DocuSigned by:
                                           *Tina Anderson*
                                           —401C535C2B934CA...
                                           Tina Anderson